———o———

CHARLES G. HOPKINS, Respondent, vs. HENRY R. SEIGER, Appellant.

1. *Certiorari, writ of—Kansas City Court of Common Pleas.*—Since the act of 1859 (Sess. Acts 1859-60, p. 10,) the Clerk of the Kansas City Court of Common Pleas has had authority to issue the writ of *certiorari.*

*Appeal from Jackson Circuit Court.*

*Gage & Ladd,* for Appellant.

*J. Brown Hovey,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

This was a suit brought in the Circuit Court of Jackson county, by Charles G. Hopkins against Henry R. Seiger, upon the following bond :

" We, Joseph E. Snyder as principal, and Henry R. Seiger as surety, acknowledge ourselves indebted to Charles G. Hopkins, in the sum of four hundred dollars, ($400.00) upon this condition : Whereas the said Joseph E. Snyder, has prayed a writ of *certiorari,* directed to Elisha B. Cravens, a Justice

of the Peace for Jackson county, requiring the said justice to certify to the Kansas City Court of Common Pleas, the record, proceedings and papers in a certain case of unlawful detainer pending before said justice, wherein Charles G. Hopkins is plaintiff, and Joseph E. Snyder is defendant, now if the said Joseph E. Snyder shall commit, nor suffer any waste or damage to be committed on the premises sued for, and shall pay all rents and profits, damages and costs that may be adjudged against him, and otherwise abide the judgment of the said Kansas City Court of Common Pleas, then this recognizance shall be void.

Witness our hands this 27th day of April, A. D., 1866.

JOSEPH E. SNYDER,

HENRY R. SEIGER.

Approved April 27th, 1866.

CHAS. H. VINCENT, Clerk;"

which with the necessary affidavit had been filed with the Clerk of the Kansas City Court of Common Pleas. The Clerk thereupon issued a *certiorari* to the justice, by whom the papers in the cause were transmitted to the clerk, and afterwards the cause was taken in the usual way by change of venue to the Circuit Court of Jackson county, where a judgment was rendered against Snyder for the possession of the premises in controversy and $450.00 damages.

Snyder failing to pay the damages thus assessed, Hopkins brought the present suit against Seiger on the recognizance, and recovered judgment, and the only question to be determined, is whether the Clerk of the Common Pleas Court had authority to issue the writ of *certiorari.*

Under the general law it is very clear that such authority in proceedings for forcible entry and detainer, and unlawful detainer, is only conferred on Clerks of the Circuit Court, and had the law (Local Acts 1855, p. 60,) creating the Kansas City Court of Common Pleas remained unchanged by amendment, such authority would still exclusively belong to the officer on whom it was originally conferred. But by the fifth section of an act amendatory of the one above referred to,

approved December 5th, 1859, (See Sess. Acts 1859, '60, p. 10,) it is provided, that: "The Clerk of said Court shall in all things be regulated by the law regulating the duties of Clerks of Circuit Courts."

This section I regard as decisive of the question under discussion, and that it leaves no room to doubt that the writ of *certiorari* was properly issued by an officer duly authorized by law so to do. The judgment is, therefore, with the concurrence of Judges Vories and Wagner, affirmed.

Judges Napton and Adams absent.